**MOONEYHAM BERRY, LLC** | Trial 1
Post Office Box 8359
Greenville, South Carolina 29604



CERTIFIED MAIL



7020 2450 0001 5490 1213

A Registered Agent, Inc.
Registered Agent for Future Motion,
Inc. d/b/a Onewheel+
8 The Green, Suite A
Dover, DE 19901

# MOONEYHAM BERRY, LLC | Trial Lawyers

JOE MOONEYHAM
E. KIMBERLY BERRY

1225 SOUTH CHURCH STREET (29605)
POST OFFICE BOX 8359
GREENVILLE, SOUTH CAROLINA 29604
864.421.0036 p ♦ 864.421.9060 f
TAX ID 46-2893359
www.mbllc.com

August 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**7020 2450 0001 5491 1213**

A Registered Agent, Inc.
***Registered Agent for Future Motion, Inc. d/b/a Onewheel+***
8 The Green, Suite A
Dover, DE 19901

      **RE:**   *Samuel W. King vs. Future Motion, Inc. d/b/a Onewheel+*
              *Case No. 2022CP0401765*

Dear Registered Agent:

     Enclosed please find a clocked-in copy of the Summons and Complaint in this matter for service upon you as registered agent for ***Future Motion, Inc. d/b/a Onewheel+***.

     Please note that an Answer to this Complaint is due within thirty (30) days from receipt of the same.

                                     Sincerely,

                                       **MOONEYHAM BERRY, LLC**

                                       Katy M. Berdugo
                                       Paralegal to Joe Mooneyham

/kmb
Enclosure(s)

ELECTRONICALLY FILED - 2022 Aug 22 8:55 AM - ANDERSON - COMMON PLEAS - CASE#2022CP0401765

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF ANDERSON ) | |
| ) | |
| Samuel W. King, ) | Civil Action No.: 2022-CP-04-01765 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **SUMMONS** |
| ) | |
| Future Motion, Inc., d/b/a Onewheel+, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**TO THE DEFENDANT ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to the said Complaint on the subscribers at their office, located at 1225 S. Church Street, Greenville, South Carolina, 29605, within thirty (30) days after service thereof exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

**MOONEYHAM BERRY, LLC**

s/ Joe Mooneyham
Joe Mooneyham, SC Bar # 04041
Post Office Box 8359
Greenville, South Carolina 29604
T: (864) 421-0036 | F: (864) 421-9060
joe@mbllc.com

*Attorneys for the Plaintiff*

Greenville, South Carolina

August 22, 2022

ELECTRONICALLY FILED - 2022 Aug 22 8:55 AM - ANDERSON - COMMON PLEAS - CASE#2022CP0401765

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF ANDERSON ) | |
| ) | |
| Samuel W. King, ) | Civil Action No.: 2022-CP-04- 01765 |
| ) | |
| Plaintiffs, ) | |
| ) | **COMPLAINT** |
| vs. ) | **JURY TRIAL DEMANDED** |
| ) | |
| Future Motion, Inc., d/b/a Onewheel+, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Samuel W. King, by and through his counsel, complains of the defendant, Future Motion, Inc., as follows:

1. The plaintiff is a citizen and resident of Anderson County, South Carolina.

2. The defendant, Future Motion, Inc., d/b/a Onewheel (hereinafter "Future Motion"), is, and at all times relevant to this action was, a corporation organized and registered in the state of Delaware, with its principal office in Santa Cruz, California. Upon information and belief, Future Motion transacted, solicited, and conducted business in the State of South Carolina and derived substantial revenue from such business at all times relevant to this action.

3. Upon information and belief, Future Motion manufactured, marketed, distributed and sold Onewheel+ (a self-balancing single wheel electric board/personal transporter often described as an electric skateboard) to persons in Anderson County, South Carolina. More specifically, Future Motion manufactured, marketed, distributed the Onewheel+ which is the subject of this action to the plaintiff in Anderson County, South Carolina. Therefore, this Court has subject matter jurisdiction over the dispute alleged below, pursuant to S.C. Code, Ann., 36-2-803(1)(a),(b) and (h), the South Carolina "long arm statute."

4. Further, the plaintiff alleges that venue is proper in Anderson County pursuant to S.C. Code, Ann., §15-7-30(G)(1) and (2).

## FACTS

5. On or about May 12, 2017, the plaintiff purchased a Onewheel+ from Future Motion. The Onewheel+ was shipped to the plaintiff by the defendant on or about July 12, 2017.

6. The Onewheel+ was advertised by the defendant as being "everything the next generation of Onewheel should be" in terms of "stability and predictability." The defendant claimed that was "really locked in for riding on any kind of terrain" and that it was "all about rideability" offering "more control, more comfort, and more confidence" for all riders, "whether beginner or advanced."

7. On or about October 7, 2019, the plaintiff was riding the Onewheel+ purchased from Future Motion on the parking lot of *Kia of Anderson* in Anderson County, South Carolina, where the plaintiff was employed.

8. As the plaintiff rode the Onewheel+, it suddenly and unexpectedly nosedived, catapulting the plaintiff forward onto the pavement.

9. When the plaintiff was thrown from the Onewheel+, he suffered a closed head injury, specifically an acute right near holohemispheric subdural hematoma resulting in a right-to-left midline shift of the septum pellucidum, a closed displaced fractured shaft of the left clavicle, the fracture of several teeth, and a temporary loss of vision in his right eye and loss of hearing in his right ear. The plaintiff was transported to Greenville Memorial Hospital (now Prisma) where he was hospitalized in neuro-intensive care.

ELECTRONICALLY FILED - 2022 Aug 22 8:55 AM - ANDERSON - COMMON PLEAS - CASE#2022CP0401765

10. On October 16, 2019, the plaintiff underwent open reduction and internal fixation of the closed displaced fractured shaft of the left clavicle suffered in the fall from the Onewheel+.

11. As a result of the injury to the plaintiff's teeth from the impact with the pavement, the plaintiff required surgical extraction of a rear molar on October 21, 2019. The abscess that developed at the time of the tooth fracture further led to a fistula into the plaintiff's sinus cavity.

12. On November 4, 2019, the plaintiff's follow-up head CT revealed that the late subacute subdural hemorrhage overlying the right frontotemporal cerebral convexity was improving, but still measured 3 mm in diameter.

13. As a proximate result of the fall on October 7, 2019, the plaintiff suffered both physically and mentally, incurred medical expenses, lost function both temporarily and permanently, lost wages from his employment, and has permanent bodily disfigurement.

## FOR A FIRST CAUSE OF ACTION
### (STRICT LIABILITY)

14. The plaintiff repeats the allegations of the preceding paragraphs of his complaint as if repeated here verbatim.

15. The plaintiff alleges that at the time and place in question, the defendant was the "seller" of the Onewheel+ used by persons situated similarly to the plaintiff.

16. The plaintiff further alleges that at the time and place in question, the defendant caused the Onewheel+ to be distributed and placed "into the stream of commerce."

17. The plaintiff alleges that the Onewheel+ was in a defective condition, and made unreasonably dangerous thereby, at the time it failed and caused his fall. Specifically, the plaintiff alleges that the Onewheel+ failed to function properly as the Onewheel+ unexpectedly nosedived, catapulting the plaintiff forward off the Onewheel+.

18. Upon information and belief, the Onewheel+ was made unreasonably dangerous by a defect in its design or manufacture, which defect existed at the time the defendant placed the Onewheel+ into the stream of commerce.

19. Upon information and belief, the plaintiff was, at the time of his injuries, a member of that class of persons contemplated by the defendant as users of the Onewheel+ in question and was in fact a user of the Onewheel+ at the time it failed and caused his injuries.

20. Upon information and belief, the Onewheel+ was expected to reach the plaintiff as the ultimate user, in substantially the condition it was in when it was placed in the stream of commerce by the defendants.

21. Upon information and belief, the Onewheel+ did in fact reach the plaintiff in substantially the condition it was in at the time it was sold by the defendant.

22. As a proximate result of the defective and unreasonably dangerous condition of the Onewheel+, the plaintiff suffered the injuries and damages alleged above.

23. Pursuant to S.C. Code Ann., §15-73-10, the plaintiff alleges the defendant is strictly liable to him for actual damages.

### FOR A SECOND CAUSE OF ACTION
### (BREACH OF EXPRESS WARRANTY)

24. The plaintiff repeats the allegations of the preceding paragraphs of his complaint as if repeated here verbatim.

25 The defendant was the seller of the Onewheel+ in question, which Onewheel+ was defective and caused his injuries.

26. At the time of sale, and continuing, the defendant did expressly warrant the safety and efficacy of the Onewheel+, by its use of advertisements and publicity, and moreover, did expressly warrant the safety and efficacy of the Onewheel+ for the use to which it was put by the

plaintiff by use of various diagrams, pictographs, videos and instructions on the Onewheel+ and/or its packaging, all of which indicated that the Onewheel+ was safe and appropriate for the use to which it was put by the plaintiff.

27. Notwithstanding the express warranties made to the plaintiff, the Onewheel+ was unsafe, defective, and unreasonably dangerous, and did not conform to the descriptions set forth in the defendant's warranties.

28. The failure of the Onewheel+ to conform to the defendant's express warranties led to its failure, and therefore proximately caused the plaintiff's fall and his injuries and damages as alleged above.

29. The plaintiff asserts that the defendant is liable to him pursuant to S.C. Code Ann., §36-2-313, for actual damages for its breach of express warranty.

### FOR A THIRD CAUSE OF ACTION
### (BREACH OF IMPLIED WARRANTY--MERCHANTABILITY)

30. The plaintiff repeats the allegations of the preceding paragraphs of his complaint as if repeated here verbatim.

31. Upon information and belief, at the time of the sale of the Onewheel+ in question, the defendant was a merchant in the sale of the Onewheel+, as contemplated by S.C. Code Ann., §36-2-314.

32. As a merchant, the defendant impliedly warranted that the Onewheel+ in question was merchantable, i.e., that it was of ordinary quality, etc., as contemplated in S.C. Code Ann., §36-2-314.

33. The plaintiff is informed and believes that the implied warranty of merchantability was extended to him and ran to his benefit at the time he purchased the Onewheel+ that injured him.

ELECTRONICALLY FILED - 2022 Aug 22 8:55 AM - ANDERSON - COMMON PLEAS - CASE#2022CP0401765

34. The Onewheel+ in question was not merchantable at the time it was sold to the plaintiff, in that it was defective in design and/or manufacture, and that such defects rendered it unfit for the ordinary purposes for which the Onewheel+ is intended to be used.

35. The unmerchantable condition of the Onerwheel+ constituted a breach of the implied warranty of merchantability created by the sale of the Onewheel+ by the defendants, which breach was the proximate cause of the plaintiff's injuries and damages as set forth above.

36. The defendant is liable to the plaintiff, pursuant to S.C. Code Ann., §36-2-314, for actual damages for its breach of implied warranty of merchantability.

## FOR A FOURTH CAUSE OF ACTION
### (BREACH OF IMPLIED WARRANTY—PARTICULAR PURPOSE)

37. The plaintiff repeats the allegations of the preceding paragraphs of his complaint as if repeated here verbatim.

38. Upon information and belief, the defendant, by reason of its expertise, skill, and judgment, were, at the time of the sale of the ramp in question, in a position of superior knowledge as to the suitability of the Onewheel+ for use for various particular purposes and applications.

39. The defendant, through its advertisements and publicity, made those particular purposes known to consumers and buyers such as the plaintiff, and impliedly warranted that the Onewheel+ in question was safe for those particular purposes, as contemplated by S.C. Code Ann., §36-2-315.

40. The defendant knew, or should have known, that buyers such as the plaintiff were relying on the defendant's superior skill and judgment when they purchased the Onewheel+ for use for the particular purposes for which the defendant sold it.

41. At the time and place of his injury, the plaintiff did in fact rely on the defendant's implied warranty of fitness for the particular purpose to which the Onewheel+ had been put.

42. The defective and unreasonably dangerous condition of the Onewheel+ in question rendered it unsuitable and unfit for the particular use to which it had been put at the time of the plaintiff's injury, and such unsuitability and unfitness constituted a breach of the implied warranty of fitness for that particular purpose.

43. The defendant's breach of warranty was the proximate cause of the plaintiff's injuries and damages as alleged above.

44. The defendant is liable to the plaintiff pursuant to S.C. Code Ann., §36-2-315 for actual damages for breach of implied warranty of fitness for a particular purpose.

## FOR A FIFTH CAUSE OF ACTION
### (NEGLIGENCE)

45. The plaintiff repeats the allegations of the preceding paragraphs of his complaint as if repeated here verbatim.

46. The plaintiff's injuries and damages are a direct and proximate result of the failure of the Onewheel+ to balance and function properly, which Onewheel+ was allegedly designed, manufactured, and distributed by the defendant to do.

47. The defendant had a duty to exercise reasonable care in the design and manufacture of the Onewheel+ to ensure that it was reasonably safe for the purposes for which it was sold and including a duty to assure that the product would not fail under normal and anticipated use.

48. The defendant failed to exercise reasonable care in the design and manufacture of the Onewheel+, and was thereby negligent and reckless, in one or more of the following particulars:

ELECTRONICALLY FILED - 2022 Aug 22 8:55 AM - ANDERSON - COMMON PLEAS - CASE#2022CP0401765

  a) In failing to design the components of the Onewheel+ to balance and stop properly when it was likely to be required to do so in normal use;

  b) In failing to manufacture the components of the Onewheel+ to function properly when subjected to normal use;

  c) In failing to establish parameters and warnings for the safe use of the Onewheel+;

  d) In failing to engage in sufficient pre-sale and post-use testing;

  e) In failing to communicate risks, tolerances, and parameters for use to end users; and,

  f) In such other ways as may become known in discovery.

49. As previously alleged, the plaintiff's injuries and damages proximately resulted from the negligence and recklessness of the defendant, entitling the plaintiff to actual and punitive damages.

**WHEREFORE,** the plaintiff demands judgment against the defendant on each of the above-reference claims and causes of action as follows:

  A) Compensatory or actual damages to the plaintiff for past and future damages, including but not limited to pain and suffering, health care costs, medical monitoring, lost wages, and loss of function, together with interest and costs as provided by law;

  B) Punitive and/or exemplary damages in an amount sufficient to punish the defendant and deter future similar conduct;

  C) The costs of these proceedings; and

  D) Such other and further relief as this Court deems just and proper.

ELECTRONICALLY FILED - 2022 Aug 22 8:55 AM - ANDERSON - COMMON PLEAS - CASE#2022CP0401765

                **MOONEYHAM BERRY, LLC**

                s/ Joe Mooneyham
                Joe Mooneyham, SC Bar # 04041
                Post Office Box 8359
                Greenville, South Carolina 29604
                T: (864) 421-0036 | F: (864) 421-9060
                joe@mbllc.com

                *Attorneys for the Plaintiff*

Greenville, South Carolina

August 22, 2022

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF ANDERSON ) | |
| ) | Civil Action No.: 2022-CP-04-01765 |
| Samuel W. King, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **JURY TRIAL REQUEST** |
| ) | |
| Future Motion, Inc., d/b/a Onewheel+, ) | |
| ) | |
| Defendant. ) | |

Pursuant to Rule 38(b) of the South Carolina Rules of Civil Procedure, the plaintiff, by his undersigned attorney, demands a jury trial on all issues set forth in this cause as the Court deems just and proper.

**MOONEYHAM BERRY, LLC**

s/ Joe Mooneyham
Joe Mooneyham, SC Bar # 004041
Post Office Box 8359
Greenville, South Carolina 29604
P: 864.421.0036 | F: 864.421.9060
joe@mbllc.com

*Attorneys for the Plaintiff*

Greenville, South Carolina

August 22, 2022